UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ANTHONY COOK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case number 1:05cv0105 TCM |
|  | ) |  |
| CHUCK DWYER, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the Court[1] on motions of plaintiff, Anthony Cook, for a temporary restraining order and preliminary injunction [Docs. 10, 17], for an extension of time [Doc. 18], and for the appointment of counsel [Doc. 21]. Also pending are a motion to dismiss filed by defendant Debbie Vincent [Doc. 9], a motion to dismiss filed by defendants Chuck Dwyer, Donna Peters, and Kurt Pueppke [Doc. 14], and the question of the payment of a partial filing fee of $1.70.

Plaintiff, proceeding in forma pauperis, alleges in his verified pro se complaint that he attempted to escape after having two wisdom teeth extracted, was caught, and was returned to the correctional center. (Compl. at 6.) That evening he requested pain medication. (Id. at 7.) His request was denied on the instructions of Vincent because of his attempted escape. (Id. at 8.) The next day, he was again denied medical care and was also denied toilet paper. (Id. at 9.) The day after, he was denied a medical services request form in the morning on the

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

grounds he was not allowed medical treatment while on "'limited property'" and was denied pain medication and antibiotics in the afternoon on the grounds the nurse had been instructed by Vincent not to give him any medical treatment. (Id. at 9-10.) This pattern of Plaintiff requesting medical treatment and pain medication and being refused on the grounds of his attempted escape repeated itself on two other occasions. (Id. at 10-11.)

Plaintiff additionally alleges that the day after his attempted escape defendant Peters confiscated a bed sheet another inmate had given him so he could keep warm and instructed other correctional officers to construct a barricade in front of Plaintiff's cell to prevent inmates from giving him another sheet. (Id. at 12-14.) That same day, defendant Pueppke assigned Plaintiff to temporary administrative segregation and ordered that he be denied normal meals, hygiene products, toilet paper, and bed linens. (Id. at 14-15.) Plaintiff informed defendant Dwyer, the superintendent of the correctional center, of this mistreatment. (Id. at 16.) Dwyer did nothing. (Id. at 17.)

In his first request for a temporary restraining order and preliminary injunction, Plaintiff asks that the Court order that the Missouri Department of Corrections ("MoDOC") provide him with postage stamps. He explains that the cost of stamps is being deducted from his monthly allowance and he does not have enough funds in his account to purchase the stamps and stationery necessary for him to proceed with discovery. In his second motion, Plaintiff repeats his request for stamps and also requests that the Court order correctional officer Harold Williams not to retaliate against Plaintiff. Williams allegedly confiscated mail from the Clerk's Office to Plaintiff informing him that this suit had been filed. The

confiscation occurred when Plaintiff was attempting to pass the letter to an inmate who had been assisting him.

"'[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest.'" **Goff v. Harper**, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Dataphase v. C.L. Sys., 640 F.2d 109, 114 (8th Cir. 1981) (en banc)) (alterations in original). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant. . . . Moreover, in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" **Id.** (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)) (alteration added). Additionally, "[a] court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." **Devose v. Herrington**, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (alteration added). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." **Id.**

In his complaint, Plaintiff seeks monetary damages only on his claims that Vincent was deliberately indifferent to his serious medical needs and the other three defendants subjected him to cruel and unusual punishment. In his two requests for a temporary restraining order and preliminary injunction, Plaintiff seeks such equitable relief on First Amendment claims

against a correctional officer not named as a defendant in his underlying complaint and against an administrative agency also not named. He has failed to establish the necessary relationship between the conduct alleged in his complaint and the injuries alleged in his two motions. The Court additionally notes that he has been able to proceed with discovery, as is evident from the docket entries returning such discovery to him.

Plaintiff also requests the appointment of counsel, explaining that he lacks the finances to retain an attorney and has conducted an unfruitful search for one that would represent him regardless of this inability. At this stage in the proceedings, the Court finds the factual allegations and legal issues not to be complex. To date, those allegations and issues have been cogently presented by Plaintiff. The Court further finds that the appointment of counsel would not now be beneficial to the Court or to Plaintiff. See **Plummer v. Grimes**, 87 F.3d 1032, 1033 (8th Cir. 1996); **Swope v. Cameron**, 73 F.3d 850, 852 (8th Cir. 1996); **Rayes v. Johnson**, 969 F.2d 700, 703 (8th Cir. 1992).

Plaintiff also requests an extension of time to comply with the Court's case management order requiring that he and defendants disclose certain information to each other. Again, it appears from the docket sheet that he has been able to comply with this order. In case he has not, an extension of thirty days up to and including **November 10, 2005**, will be granted.

The Court notes that Plaintiff has also failed to comply with the order directing him to pay a partial filing fee of $1.70 on or before August 10, 2005. Plaintiff has submitted an explanation of why he has not paid. This explanation cites an unexpected deduction for the Victim's Compensation Fund of $1.00 and a balance of 71 cents. His inmate account

against a correctional officer not named as a defendant in his underlying complaint and against an administrative agency also not named. He has failed to establish the necessary relationship between the conduct alleged in his complaint and the injuries alleged in his two motions. The Court additionally notes that he has been able to proceed with discovery, as is evident from the docket entries returning such discovery to him.

Plaintiff also requests the appointment of counsel, explaining that he lacks the finances to retain an attorney and has conducted an unfruitful search for one that would represent him regardless of this inability. At this stage in the proceedings, the Court finds the factual allegations and legal issues not to be complex. To date, those allegations and issues have been cogently presented by Plaintiff. The Court further finds that the appointment of counsel would not now be beneficial to the Court or to Plaintiff. See **Plummer v. Grimes**, 87 F.3d 1032, 1033 (8th Cir. 1996); **Swope v. Cameron**, 73 F.3d 850, 852 (8th Cir. 1996); **Rayes v. Johnson**, 969 F.2d 700, 703 (8th Cir. 1992).

Plaintiff also requests an extension of time to comply with the Court's case management order requiring that he and defendants disclose certain information to each other. Again, it appears from the docket sheet that he has been able to comply with this order. In case he has not, an extension of thirty days up to and including **November 10, 2005**, will be granted.

The Court notes that Plaintiff has also failed to comply with the order directing him to pay a partial filing fee of $1.70 on or before August 10, 2005. Plaintiff has submitted an explanation of why he has not paid. This explanation cites an unexpected deduction for the Victim's Compensation Fund of $1.00 and a balance of 71 cents. His inmate account

statement submitted on July 18, 2005, shows a balance of $6.60. It was based on this statement that the Court ordered the partial filing fee. Subsequent deductions from Plaintiff's account does not affect the Court's earlier decision. Plaintiff will be granted, however, an extension of thirty days, up to and including November 10, 2005, within which to pay the partial filing fee.

The Court further notes that Plaintiff has not responded to either pending motion to dismiss. Plaintiff will be granted the same additional time to file a response to these two motions.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motions for a temporary restraining order and for a preliminary injunction are each **DENIED**. [Docs. 10, 17]

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [Doc. 21]

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time is **GRANTED**. [Doc. 18] Plaintiff is granted an extension of time **up to and including November 10, 2005,** within which to comply with paragraphs 2(a) and (b) of the Case Management Order; to pay the partial filing fee; and to respond to the two motions to dismiss. **Plaintiff is hereby cautioned that failure to pay the partial filing fee may result in the imposition of sanctions, including the dismissal of this action**.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III

UNITED STATES MAGISTRATE JUDGE

Dated this <u>12th</u> day of October, 2005.