# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTHONY COOK, | ) |
| Plaintiff, | ) |
| vs. | ) Case number 1:05cv0105 TCM |
| CHUCK DWYER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending in this 42 U.S.C. § 1983 action is a motion filed by defendants Chuck Dwyer, Donna Peters, and Kurt Pueppke to dismiss; a motion by the fourth, and last, defendant, Debbie Vinson, to dismiss; and a motion by plaintiff, Anthony Cook, for legal supplies.[1]

## Background

Plaintiff, proceeding in forma pauperis, alleges in his verified pro se complaint that he attempted to escape after having two wisdom teeth extracted, was caught, and was returned to the Southeast Correctional Center ("SCC"). (Compl. at 6.) That evening he requested pain medication. (Id. at 7.) His request was denied on the instructions of Vinson, a nurse employed by Correctional Medical Services ("CMS"), because of his attempted escape. (Id. at 8.) The next day, he was again denied medical care and was also denied toilet paper. (Id. at 9.) The day after, he was denied a medical services request form in the morning on the grounds he was not allowed medical treatment while on "'limited property'" and was denied pain medication and antibiotics in the afternoon on the grounds the nurse had

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

been instructed by Vinson not to give him any medical treatment. (Id. at 9-10.) This pattern of Plaintiff requesting medical treatment and pain medication and being refused because of his attempted escape repeated itself on two other occasions. (Id. at 10-11.)

Plaintiff additionally alleges that the day after his attempted escape defendant Peters, a SCC correctional officer, confiscated a bed sheet another inmate had given him so he could keep warm and instructed other correctional officers to place a barricade in front of Plaintiff's cell to prevent inmates from giving him another sheet. (Id. at 12-14.) That same day, defendant Pueppke, another SCC correctional officer, assigned Plaintiff to temporary administrative segregation and ordered that he be denied normal meals, hygiene products, toilet paper, and bed linens. (Id. at 14-15.) Plaintiff informed defendant Dwyer, the SCC superintendent, of this mistreatment. (Id. at 16.) Dwyer did nothing. (Id. at 17.)

In the caption of the case, Plaintiff states that he is suing all four defendants in their individual and "professional" capacities. In the text of his complaint, he states he filed an informal resolution request ("IRR") and a grievance. (Id. at 3.) He seeks only monetary relief.

Defendants Dwyer, Peters, and Pueppke argue in their motion to dismiss that the claims against them in their official, or "professional," capacities must be dismissed on grounds of Eleventh Amendment immunity, the claims against Dwyer must be dismissed because they are based only on the doctrine of respondeat superior, and the remaining claims must be dismissed because Plaintiff failed to exhaust administrative remedies as required by

42 U.S.C. § 1997e(a).[2]  Vinson alleges in her motion that she also must be dismissed for Plaintiff's failure to exhaust administrative remedies.  Attached to her motion is the affidavit of the CMS administrative assistant in charge of the medical grievance files.  (Ex. AAA.)  This assistant, Shelley Frye, avers that the CMS files contain no IRR, grievance, or grievance appeal filed by Plaintiff on any medical issue, including the denial of pain medication.  (Id. ¶ 3.)

Plaintiff counters that he filed an IRR on December 1, 2004, which was denied by the Functional Unit Manager.  He then filed a grievance, which was denied by the acting superintendent.  Next, he filed a grievance appeal, which was denied on May 17 by the Assistant Director of the Division of Adult Institutions.  He filed the instant case in June.

## Discussion

Official Capacities.  Plaintiff is suing defendants in their individual and "professional" capacities.  This latter designation will be construed as being in their official capacities.

It is well established under the Eleventh Amendment that a state officer may not be sued in his or her official capacity if only monetary relief is sought.  **Morstad v. Dep't of Corr. & Rehab.**, 147 F.3d 741, 741 (8th Cir. 1998); **Murphy v. Arkansas**, 127 F.3d 750, 754 (8th Cir. 1997); **Treleven v. Univ. of Minn.**, 73 F.3d 816, 818 (8th Cir. 1996).  Plaintiff seeks only monetary relief; consequently, his claims against defendants in their professional or official capacities will be dismissed.

---

[2]Title 42 U.S.C. § 1997e(a) provides that:
No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Monetary relief is recoverable against state officers sued in their individual capacity. **Nix v. Norman**, 879 F.2d 429, 432 (8th Cir. 1989). Plaintiff's claims against the defendants in their individual capacity are not barred by the Eleventh Amendment.

Respondeat Superior. "In the section 1983 context, supervisor liability is limited. A supervisor cannot be held liable, on a theory of respondeat superior, for an employee's unconstitutional actions." **Boyd v. Knox**, 47 F.3d 966, 967 (8th Cir. 1995). "Rather, a supervisor incurs liability for a [constitutional] violation when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference." **Id.** (alteration added). "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see." **Id.** (alteration in original) (interim quotations omitted). Accord **Ottman v. City of Independence, Mo.**, 341 F.3d 751, 760 (8th Cir. 2003). Corrective inaction does not amount to deliberate indifference based only on when the supervisor knew or should have known of the violation. **Boyd**, 47 F.3d at 968 n.1 (citing Farmer v. Brennan, 511 U.S. 825, 835-36 (1994)).

Plaintiff alleges only that he informed Dwyer of the mistreatment and Dwyer did nothing in response. This allegation is insufficient to rise Dwyer's alleged inaction to the level of a constitutional violation. See **Beck v. LaFleur**, 257 F.3d 764, 766 (8th Cir. 2001) (affirming dismissal of claim based on failure of plaintiff in § 1983 case to allege sufficient personal involvement by defendants to support claim of unconstitutional violation).

Administrative Exhaustion. "Section 1997e(a) requires administrative exhaustion of inmates' claims 'with respect to prison conditions[,]'" regardless of whether the claims are

filed pursuant to § 1983 or another federal law. **Porter v. Nussle**, 534 U.S. 516, 521, 524 (2002). "All 'available' remedies must . . . be exhausted; those remedies need not meet federal standards,³ nor must they be 'plain, speedy, and effective.'" **Id.** at 524 (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)) (alterations added). This exhaustion requirement applies even when the relief sought, e.g. money, is not available in grievance procedures. **Id.** Accord **Foulk v. Charrier**, 262 F.3d 687, 695 (8th Cir. 2001); **Smith v. Stubblefield**, 30 F.Supp.2d 1168, 1174 (E.D. Mo. 1998). And, it "applies to all inmates suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter**, 534 U.S. at 532.

Plaintiff alleges he filed an IRR, a grievance, and a grievance appeal. "A prisoner must pursue all available levels of administrative remedies in order to satisfy the exhaustion requirement of § 1997e, including appeals." **Smith**, 30 F.Supp.2d at 1174. A prisoner has exhausted the Missouri Department of Corrections inmate grievance procedure if he completes the first of two possible appeals. **Id.** Plaintiff alleges he has done so. The motion to dismiss for failure to exhaust administrative remedies filed by defendants Peters and Pueppke will be denied.

Defendant Vinson submits the affidavit of a CMS records custodian that there is no IRR or grievance filed by Plaintiff in their records. The question, however, is whether Vinson was put on notice of his claims. There is no indication in the record whether she was

---

³A 1980 amendment to § 1997e had required exhaustion "only if the State's prison grievance procedure met specified federal standards . . ." **Id.** at 523. Moreover, exhaustion of administrative remedies was required only if those remedies were "plain, speedy, and effective." **Id.** at 529.

named in Plaintiff's grievance.  See **Box v. Dwyer**, No. 1:05cv6 HEA (E.D. Mo. July 25, 2005) (denying motion to dismiss for prisoner's alleged failure to exhaust administrative remedies in case in which defendant had been named in grievance and had signed grievance).  Her motion to dismiss will be denied.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion to dismiss by defendants Chuck Dwyer, Donna Peters, and Kurt Pueppke is **GRANTED** in part and **DENIED** in part.  The motion is granted insofar as the claims against Chuck Dwyer are DISMISSED and insofar as the claims against all three defendants in their official or professional capacities are also DISMISSED.  The motion is denied as to defendants Donna Peters and Kurt Pueppke on the grounds of failure to exhaust administrative remedies.  [Doc. 14]

**IT IS FURTHER ORDERED** that the motion to dismiss of Debbie Vinson is **DENIED**.  [Doc. 9]

**IT IS FINALLY ORDERED** that motion for legal supplies of plaintiff is **DENIED**.  [Doc. 26]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of November, 2005.