# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

ANTHONY COOK,               )
                                   )
        Plaintiff,          )
                                   )
      vs.                   )     Case number 1:05cv0105 TCM
                                   )
CAPTAIN PUEPPKE,       )
DONNA PETERS, and      )
DEBORAH (HARDIN) VINSON,[1]  )
                                   )
        Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court[2] on the motion of defendant Deborah (Hardin) Vinson for summary judgment in the 42 U.S.C. § 1983 action filed pro se by plaintiff, Anthony Cook, alleging, in relevant part, that Ms. Vinson prevented him from receiving needed medication following a tooth extraction, in violation of his federal constitutional rights. [Doc. 23] Also pending are motions by Plaintiff to compel, for reconsideration, and for an extension of time. [Docs. 30, 33, 38, and 49]

### Background

Plaintiff is confined in the Southeast Correctional Center ("SECC"), and has been since February 17, 2004. (Def. Ex. C-1.) Ms. Vinson, a registered nurse, is the site Director of Nursing at SECC and manages and oversees its medical unit. (Vinson Revised Aff. ¶¶ 2,

---

[1]Although referred to as "Vincent" in the pro se complaint, this defendant's proper last name is "Vinson" and shall be thus referred to by the Court.

[2]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

3.)  She was on duty at SECC on November 22, 2004, from 8:17 a.m. to 4:31 p.m.  (<u>Id.</u> ¶ 5; Def. Ex. C-4.)

Plaintiff had an off-site dental appointment on November 22 at 8:30 a.m. with Gregory Pernoud, D.D.S.  (Def. Ex. C-2; Def. Ex. DDD.)  Dr. Pernoud's medical records note that Plaintiff's had impacted teeth extracted on that day.  (Def. Ex. C-8.)  The extraction was performed with a local anesthetic and "chromic sutures" were used following the extraction.  (<u>Id.</u>)  The medical form language provided "if followup needed, explain[.]"  (<u>Id.</u>)  Dr. Pernoud prescribed 800 milligrams of Motrin for pain and 250 milligrams of Amoxil.  (<u>Id.</u>)  He instructed that no followup was necessary, and that Plaintiff should receive "routine care."  (<u>Id.</u>)

Plaintiff alleges in his verified complaint that he attempted to escape from confinement on November 22, 2004, at 10:30 a.m., while on an "out count" to a dentist at the Jefferson Memorial Hospital in Festus, Missouri.  (Compl. ¶ VI(1).)  He was captured less than one-half hour after his escape and taken back to SECC at approximately 6:30 p.m.  (<u>Id.</u> ¶¶ (3) and (4).)  Once there, he was transported to the prison medical unit where he requested pain medication and antibiotics from a staff nurse.  (<u>Id.</u> ¶¶ (5) and (6).)  The nurse advised Plaintiff that Ms. Vinson instructed her not to provide him with any medication because he had attempted to escape.  (<u>Id.</u> ¶ (6).)

Plaintiff further alleges that he requested medication on November 23 from another staff nurse and was ignored.  (<u>Id.</u> ¶ (7).)  On November 24 he was denied medication on two occasions.  (<u>Id.</u> ¶¶ (8), (9).)  The second time, the staff nurse told Plaintiff that Ms. Vinson instructed her not to provide him medical treatment.  (<u>Id.</u> ¶ (9).)  Plaintiff was again denied

medication on November 25.  (Id. ¶ (10).)  On November 30, a staff nurse told Plaintiff that her supervisor had instructed her not to provide any medication to Plaintiff because of his attempted escape.  (Id. ¶ (11).)

In support of these allegations, Plaintiff has submitted a declaration of Walter Mountain, averring that he heard two nurses refuse medical treatment to Plaintiff between November 22 and 28, 2004, on orders from Ms. Vinson because of Plaintiff's attempted escape.  (Pl. Ex. AA.)  Plaintiff has also submitted the declaration of Anthony Sanford, averring that on four occasions he witnessed Plaintiff request pain medication, and it was denied because of orders from Ms. Vinson.  (Pl. Ex. DD.)  Mr. Sanford also avers that he saw Plaintiff's mouth bleeding and Plaintiff "crying cause his mouth was hurting."  (Id.)

On the other hand, Ms. Vinson denies directing the nursing staff to refuse medical care and medication to Plaintiff.  (Vinson Revised Aff. ¶ 6.)

 A Department of Corrections ("DOC") Medical Accountability record reports that no medicine was issued to Plaintiff because Plaintiff "did not return from out count until after doctor had gone home."  (Def. Ex. DDD.)  Plaintiff returned from out count on November 22 at 6:17 p.m.  (Def. Ex. C-2.)  DOC medical records reflect a sick call complaint by Plaintiff at 6:15 p.m. on November 22 in which Plaintiff complained of arm, wrist, and  finger pain due to the placement of handcuffs.  That record reflects "no obvious edema or trauma noted."  (Id.)  DOC medical records of November 23 report a medical assessment at 8:30 a.m. for "impaired skin integrity" during Plaintiff's followup appointment for his left wrist and further note that Plaintiff had no other complaints. (Def. Ex. C-5.)  The next day, Plaintiff was seen by Nurse Bell during sick call complaint; Nurse Bell reported

that he had no sign of trauma. (Def. Ex.C-9.) On November 26, Nurse Jaynes made the same observation during another sick call complaint. (Id.) On November 28, Plaintiff complained of lost glasses and requested new prescription glasses. (Def. Ex. C-6.) He was also seen that same day for allergy complaints. (Def. C-10.) During a November 29 sick call, Nurse Bell again noted that there was no sign of trauma. (Def. Ex. C-9.)

## Discussion

Vinson's Motion for Summary Judgment. Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). An issue of material fact is genuine if it has a real basis in the record; and, a genuine issue of fact is material if it "might affect the outcome of the suit under the governing law." **Hartnagel v. Norman**, 953 F.2d 394, 395 (8th Cir. 1992) (citations omitted).

The initial burden is on the moving party to clearly establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. See **City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.**, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. See **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). Instead, the non-moving party bears the burden of setting forth specific facts by affidavit or otherwise showing that there is a genuine issue for trial. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 249 (1986); **Palesch v. Missouri Comm'n on Human Rights**, 233 F.3d 560, 565-66 (8th Cir. 2000). All disputed facts are to be

resolved, and all inferences are to be drawn, in favor of the non-moving party. See **Ghane v. West**, 148 F.3d 979, 981 (8th Cir. 1998); **Kopp v. Samaritan Health Sys., Inc.**, 13 F.3d 264, 269 (8th Cir. 1993). "[I]n order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." **Webb v. Lawrence County**, 144 F.3d 1131, 1135 (8th Cir. 1998). See also **Stanback v. Best Diversified Products, Inc.**, 180 F.3d 903, 909 (8th Cir. 1999) (finding general statements in affidavits and depositions are insufficient to defeat a properly supported summary judgment motion). And, conclusive assertions of ultimate fact are entitled to little weight when determining whether a nonmovant has shown a genuine issue of fact sufficient to overcome a summary judgment motion properly supported by depositions or affidavits. See **Miller v. Solem**, 728 F.2d 1020, 1024 (8th Cir. 1984).

In summary judgment proceedings, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e). This requirement precludes the consideration of affidavits based on unsupported blanket allegations. See **Marler v. Missouri State Bd. of Optometry**, 102 F.3d 1453, 1457 (8th Cir. 1996) (concluding that affidavit expressing only plaintiff's belief that defendants acted in vindictive manner insufficient to defeat summary judgment motion). See also **Bradley v. Widnall**, 232 F.3d 626, 632 (8th Cir. 2000) (finding that plaintiff's speculation that complained-of mistreatment was due to her protected status was

insufficient to defeat properly supported motion for summary judgment); **Postscript Enter. v. City of Bridgeton**, 905 F.2d 223, 226 (8th Cir. 1990) (finding that affidavit containing only conclusory allegations and no facts that were based on personal knowledge was inadequate to demonstrate existence of genuine issues to survive summary judgment motion).

In addition to applying the foregoing standard, the Court must also liberally construe Plaintiff's pro se pleadings. See **Bracken v. Dormire**, 247 F.3d 699, 702-03 (8th Cir. 2001); **Atkinson v. Bohn**, 91 F.3d 1127, 1129 (8th Cir. 1996). This liberal standard applies only to his factual allegations, however, and does not require the Court to fashion a claim that constitutional or federal statutory rights were violated when such are not alleged by the plaintiff. See **Bracken**, 247 F.3d at 703; **Walker v. Reed**, 104 F.3d 156, 157 (8th Cir. 1997).

Deliberate Indifference to Serious Medical Needs. In his verified pro se complaint, Plaintiff seeks an award of $20,000 against Vinson for her alleged deliberate indifference to his serious medical needs, specifically her instructions to the nurses not to give him any pain medication or Amoxil, an antibiotic,[3] because he attempted to escape.

"Deliberate indifference to a prisoner's serious medical needs violates the prisoner's Eighth Amendment right to be free from cruel and unusual punishment." **Warren v. Fanning**, 950 F.2d 1370, 1373 (8th Cir. 1991) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To establish such a claim, a prisoner must "demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but

---

[3]Physicians' Desk Reference 3059 (55th ed. 2001).

deliberately disregarded those needs." **Dulany v. Carnahan,** 132 F.3d 1234, 1239 (8th Cir. 1997) (alteration added). "A medical need is serious if it is 'obvious to the layperson or supported by medical evidence, like a physician's diagnosis.'" **Moore v. Jackson**, 123 F.3d 1082, 1086 (8th Cir. 1997) (quoting Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995)). A prison official is culpable for deliberate indifference to that serious medical need if the official is "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually draws that inference. **Bender v. Regier**, 385 F.3d 1133, 1137 (8th Cir. 2004). Thus, a prisoner "'must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" **Jolly v. Knudsen,** 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995)).

Resolving all disputed facts and drawing all inferences in favor of Plaintiff, the Court finds, for purposes of the instant motion, that Plaintiff temporarily escaped from custody after having two impacted wisdom teeth extracted on November 22, 2004. This extraction required sutures and the prescription of pain medication and antibiotics. Upon being returned to custody at SECC, Plaintiff requested the pain medication and antibiotics. Plaintiff requested his pain medication and antibiotics at least five additional times between November 24 and November 30. On three occasions he was told that he was being denied the prescribed medication on the instructions of Vinson and that the denial was expressly motivated by his attempted escape. Vinson denies instructing any nursing staff member to not give Plaintiff medications or medical care and avers that her shift on November 22 ended before Plaintiff's return to SECC.

Plaintiff presents no medical evidence of any ill effects caused by the delay in medical treatment other than his allegations of severe pain.

Although Ms. Vinson denies that she directed her staff to refuse medical treatment to Plaintiff, this is a question of disputed fact. This question is not resolved by Ms. Vinson leaving for the day sometime prior to Plaintiff's return to SECC. Nor does the lack of any notation in the medical records reporting that Plaintiff complained of pain or requested medication trump Plaintiff's verified allegations that he did both. One medical record includes a notation that Plaintiff's medication was not given him because the onsite physician was off premises by the time Plaintiff returned from SECC. This notation does not establish the lack of a genuine issue about if and why Plaintiff was denied medication. The medication at issue was prescribed by Dr. Pernoud, and there was no need the medication to be prescribed again by a second, onsite physician. Plaintiff and two other inmates aver that named nurses told Plaintiff that Ms. Vinson directed them not to provide Plaintiff with his medication because of the attempted escape.

Citing **Aswegan v. Henry**, 49 F.3d 461 (8th Cir. 1995), Vinson argues that Plaintiff's "hearsay testimony regarding alleged statements or diagnoses by doctors cannot create a material fact issue." (Mtn at 7.) Ms. Vinson's reliance on Aswegan is misplaced. In Aswegan, the prisoner complained of the denial of a serious medical need, alleging that his medical condition had been aggravated by being placed in a small shower stall during a normal shakedown procedure at the prison. **Id.** at 463, 465. The prisoner presented no medical evidence to support his medical allegations. **Id.** at 465. In the instant case, however, there is evidence that Plaintiff required stitches and was given a prescription for

pain medication and antibiotics following the extraction of two of his teeth on November 22. He avers, and presents two supporting affidavits, that he was denied medication on the orders of Ms. Vinson. Whether this is so is a genuine issue of fact.

The issue remaining before the Court, therefore, is whether the deprivation of prescribed medication for eight days reaches a level of an Eighth Amendment violation. The Court will first address the issue of pain medication.

In **Phillips v. Jasper Co. Jail**, 437 F.3d 791, 796 (8th Cir. 2006), the Eighth Circuit Court of Appeals recently addressed the question whether a failure to properly administer anti-seizure medication to a prisoner with a known seizure disorder can be an Eighth Amendment violation. Noting that the record established conclusively only that the prisoner had seen a doctor and had been *prescribed* the anti-seizure medication and that there was a disputed question whether he had suffered a seizure, the court found that the prisoner's statements that the medication had not been properly administered created a genuine question of whether the jail employees were deliberately indifferent to his serious medical needs. **Id.** "[T]he knowing failure to administer prescribed medicine can itself constitute deliberate indifference." **Id.** (alteration added).

Similarly, in **Patterson v. Pearson**, 19 F.3d 439 (8th Cir. 1994) (per curiam), the Eighth Circuit reversed a grant of summary judgment to defendants who were allegedly deliberately indifferent to a prisoner who had requested dental care to relieve "extreme pain" and treat a swollen jaw. The care had been first requested on April 7. **Id.** at 440. This request was repeated several times until, on April 15, an infected tooth was extracted. **Id.** The court found that the delay in dental treatment could support an Eighth Amendment

claim. In another § 1983 action, **Fields v. Gander**, 734 F.2d 1313 (8th Cir. 1984), the prisoner had two teeth extracted in February 1983 and began complaining of pain on May 1. **Id.** at 1314. The prisoner continued to complain of pain, but no followup care was provided until May 13. **Id.** Finding that the defendant had known the prisoner was in pain and had refused to provide followup care for three weeks, the court found that these facts supported an Eighth Amendment violation. **Id.** at 1315. See also **Hartsfield v. Colburn**, 371 F.3d 454, 457 (8th Cir. 2004) (holding that a question of material fact existed as to whether defendants were deliberately indifferent to a serious medical need in a case in which defendants/prison officials failed to arrange for dental treatment for six weeks after the prisoner complained, thereby causing him to suffer further pain and infection); **Kinney v. Kalfus**, 25 F.3d 633, 634 (8th Cir. 1994) (holding that failure to provide dental treatment despite repeated requests from June 12 to July 1 created a genuine issue whether the defendant was deliberately indifferent to a serious medical need and the denial of a summary judgment in favor of prison officials). Cf. **Williams v. Byus**, 79 Fed. Appx. 242 (8th Cir. 2003) (per curiam) (affirming judgment following bench trial in favor of defendants/prison officials in case in which prisoner waited four months for a tooth extraction; medical records showed the prisoner was examined repeatedly and received antibiotics and pain medication and there was no medical evidence of swelling, bleeding, or infection).

The Court finds that a tooth extraction is a serious medical event, and the aftercare reaches the threshold of a serious medical need, especially, as in this case, when the patient requires sutures or stitches. This is both obvious to a layperson and is supported by the medical records. Dr. Pernoud prescribed pain medication, and that medication was allegedly

denied, on Ms. Vinson's directions, to Plaintiff for eight days following the tooth extraction. The Court finds that there is a question of material fact whether Ms. Vinson was deliberately indifferent to Plaintiff's serious medical need for refusing for eight days to permit him the pain medication he had been prescribed.

Plaintiff was also prescribed Amoxil, an antibiotic. It is common knowledge that antibiotics are used to prevent and fight infections. There is no evidence in the medical record that Plaintiff developed an infection or that the failure to administer Amoxil to Plaintiff resulted in any infection or other negative medical condition. Plaintiff's only complaint is of the pain resulting from the alleged failure to administer pain medication.

"'[W]hen [an] inmate alleges that the delay in treatment is the constitutional deprivation, the objective seriousness of the deprivation should also be measured by reference to the *effect* of delay in treatment.'" **Keeper v. King**, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)) (alterations in original). In such case, an inmate's suit must fail if he does not present any "verifying medical evidence . . . that defendants ignored an acute or escalating situation or that delays adversely affected his prognosis." **Reece v. Groose**, 60 F.3d 487, 491 (8th Cir. 1995) (quoting Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995)) (alteration in original). See also **Coleman v. Rahija**, 114 F.3d 778, 784 (8th Cir. 1997) (finding that inmate's failure to provide verifying medical evidence in the record "to establish the detrimental effect of delay in medical treatment precludes a claim of deliberate indifference to medical needs"); **Givens v. Jones**, 900 F.2d 1229, 1233 (8th Cir. 1990) (same).

Plaintiff having failed to present, in response to Ms. Vinson's motion for summary judgment, any evidence that a delay in giving him a prescribed antibiotic resulted in any detrimental effect, his Eighth Amendment claim based on this delay is dismissed.

For the foregoing reasons, Ms. Vinson's motion for summary judgment will be denied in part and granted in part.

Plaintiff's Miscellaneous Motions.  In his motion to compel and to reconsider, Plaintiff requests that this Court direct defendants Pueppke and Peters to produce the videotaped footage from a security camera in Housing Unit #1 from listed dates and times.  Plaintiff also requests that this Court reconsider its order denying him the appointment of counsel. Defendants object to the discovery request as being over-broad, unduly burdensome, and confidential.  They further object on the grounds that such disclosure would violate institutional security.

Plaintiff requests the videotape from eight days at various times.  At issue is the denial of pain medication, the denial of bed linen, and the placement of sand-loaded hoses to keep another inmate from giving Plaintiff bed sheets.  These events allegedly occurred at specific times and specific dates.  Defendants are to inform the Court, within fifteen days, why they can not provide a videotape of the housing unit for these specific dates and times only to the Court for its in camera review.

As to the motion for appointment of counsel, the examples cited by Plaintiff in support of his request, i.e., discovery requests being returned to him because they are not to be filed with the court and the need for the videotape, do not persuade the Court that its earlier ruling was in error or needs to be revisited.

In his second motion to compel, Plaintiff requests an order directing defendant Vinson to send all "sick-call" request sheets from November 22, 2004, to the date of her response. The only remaining issue as to Ms. Vinson is the denial of pain medication for an eight-day period beginning November 22, 2004. If she has not already done so, Ms. Vinson is directed to send Plaintiff copies of his sick-call requests for the period from November 22 to November 30, 2004, inclusive.

Plaintiff next requests that the Court dismiss defendant Vinson's discovery requests sent on December 5, 2005. Plaintiff notes in this request that the discovery deadline is December 23, 2005, and that his thirty days for responding to the discovery requests, mailed on December 1, expire seven days after the discovery deadline. Plaintiff did not mail a copy of this motion to the attorney for defendants Pueppke and Peters, stating he cannot afford stamps. Plaintiff's motion will be denied. He is reminded that his status as a pro se litigant does not excuse him from complying with the Federal Rules of Civil Procedure, including the requirement that copies of pleadings are to be sent to *all* counsel of record. Future failures to comply with this requirement will result in the offending pleading being stricken.

Again citing the lack of stamps and necessary supplies, Plaintiff requests in another motion that the Court postpone its ruling on Defendants' motion for summary judgment and (a) order the DOC to provide him with legal supplies and allow him more than three court cases at a time and (b) grant him an extension of time within which to reply to the motion for summary judgment.

The Court notes that Plaintiff has responded to Ms. Vinson's motion for summary judgment and that he refers to "defendant*s*" in his motion for supplies and an extension. The

Court has previously ruled on Plaintiff's request for legal supplies and will not revisit that issue except to note that the alleged lack of legal supplies has not prevented Plaintiff from responding to Ms. Vinson's motion, from filing an interlocutory appeal and the five motions now at issue, or from filing a reply to Defendants' response to his motion to compel.

Plaintiff will, however, be granted an extension of **thirty** days within which to respond to defendants Pueppke's and Peters' motion for summary judgment.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion for summary judgment of defendant Deborah Vinson is **GRANTED** as to the allegations of denial of the antibiotic Amoxil and **DENIED** as to the allegations of the denial of pain medication.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel and for reconsideration is **GRANTED** as to the videotape as set forth above and is **DENIED** in all other respects. [Doc. 30]

**IT IS FURTHER ORDERED** that Plaintiff's second motion to compel discovery requests is **GRANTED** as set forth above and is **DENIED** in all other respects. [Doc. 33]

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss is **DENIED**. [Doc. 38]

**IT IS FINALLY ORDERED** that Plaintiff's motion for an extension of time and postponement is **GRANTED** insofar as Plaintiff is granted an extension of thirty days, up to and including **April 13, 2006**, within which to respond to defendants Pueppke's and Peters' motion for summary judgment and is **DENIED** in all other respects. [Doc. 49]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of  March, 2006.