# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

ANTHONY COOK,  )
              )
    Plaintiff,  )
              )
vs.           )    Case number 1:05cv0105 TCM
              )
DEBORAH VINSON,  )
              )
    Defendant.  )

## MEMORANDUM AND ORDER

This pro se 42 U.S.C. § 1983 action is before the Court on the second motion filed by defendant, Deborah Vinson, for summary judgment on the issue whether she violated the Eighth Amendment rights of plaintiff, Anthony Cook, by denying his pain medication for eight days.[1] [Doc. 72] Plaintiff opposes the motion.

## Background

Plaintiff is, and was at all times relevant, confined at the Southeast Correctional Center ("SECC"). (Compl. at 6; Pl. Dep. at 6, 17.) Defendant is a registered nurse and was, at all times relevant, the site Director of Nursing at SECC. (Vinson Rev. Aff. ¶¶ 2, 3.) In such capacity, she managed SECC's medical unit. (Id.) She was on duty at SECC on November 22, 2004, from 8:17 a.m. to 4:31 p.m. (Id. ¶ 5; Def. Ex. C-4.[2])

---

[1] The Court earlier granted the motion for summary judgment filed by the two correctional officers named as defendants and granted Defendant summary judgment on the issue of whether she violated Plaintiff's constitutional rights by denying him antibiotics. The only remaining issue is the one now before the Court.

[2] Exhibits C-1 through C-11, inclusive, were submitted in support of Defendant's first motion for summary judgment and are cited in support of her second motion.

At 6:38 in the morning of November 22, Plaintiff was transferred to a hospital to have two wisdom teeth removed. (Def. Ex. C-2; Pl. Dep. at 32-33.) Plaintiff escaped after the surgery, but was caught within an hour and taken to a nearby police department. (Id. at 33-35.) He was then brought back to SECC at 6:17 p.m. (Id. at 35; Def. Ex. C-2.) Upon his return, he was seen by Heather L. Williams, a nurse. (Def. Ex. C-3.) She noted his complaint of swollen wrists and an inability to move his arms or fingers due to handcuffs, but did not note any complaints of pain from the dental surgery. (Id. at [2], [4].) In his verified complaint, Plaintiff states that he requested pain medication. (Compl. ¶ VI(1).) He also states that he was informed by the nurse that his request was denied on instructions of Defendant in retaliation for his attempted escape. (Id. ¶ VI(6).)

Plaintiff's medical records of November 22 indicate that no medication was issued to him because he did not return from the hospital until after the doctor had gone home. (Def. Ex. DDD.) An on-site or on-call physician must issue an order for a prescription for a SECC inmate, regardless of whether the prescription is suggested by an outside consultant. (Lee Aff. ¶ 4.) The consultant who performed the oral surgery on Plaintiff suggested a prescription for 800 milligrams of Motrin to be taken as needed for pain. (Def. Ex. C-8.)

Plaintiff requested pain medication again on November 23, but was ignored. (Compl. ¶ VI(7).) The next day, he was twice denied medication, and was told by a staff nurse the second time that the denial was on the instructions of Defendant in retaliation for his attempted escape. (Id. ¶ VI(8), (9).) On November 25, he was denied pain medication. (Id. ¶ VI(10).) On November 30, he was told that a supervisor had instructed the staff nurse not to give Plaintiff any pain medication. (Id. ¶ VI(11).)

Defendant avers that she never instructed the nursing staff to refuse Plaintiff medical care and medication.[3] (Vinson Rev. Aff. ¶ 6.) In addition to his verified complaint, Plaintiff submits the declarations of two SECC inmates that they overheard nurses tell Plaintiff that they could not provide him any pain medication on instructions by Defendant. (Pl. Exs. AA, BB.)

Defendant argues that summary judgment is merited because (a) there is no admissible evidence of any involvement by her in Plaintiff being denied pain medication; (b) there is no evidence that a valid prescription for pain medication could have been filled by SECC's pharmacy and issued by the nursing staff; and (c) Plaintiff failed to exhaust his administrative remedies when he abandoned the issue of pain medication in his appeal from the denial of his grievance.

In response, Plaintiff notes that he was captured while Defendant was at SECC, giving her time to instruct the nursing staff not to give him any pain medication. Also, he questions why he was not prescribed pain medication in the days following his return to SECC and posits that it was because Defendant had instructed her staff not to give him such medication.

---

[3]Defendant also refers in her statement of uncontroverted facts to the failure of two nurses "when questioned about the medication and care issue of [Plaintiff]" to mention any instructions of Defendant. (Stat. ¶ 13.) These one-sentence statements are not verified and will be disregarded.

**Discussion**

"Rule 56(c) [of the Federal Rules of Civil Procedure] 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" **Erenberg v. Methodist Hosp.**, 357 F.3d 787, 791 (8th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)) (alteration added). "If the moving party has presented evidence establishing that there is no genuine issue of material fact, the burden shifts to the non-moving party to provide evidence demonstrating that a genuine issue of material fact does in fact exist." **Murphy v. Mo. Dept. of Corrections**, 372 F.3d 979, 982 (8th Cir. 2004) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). Hearsay or affidavits made without personal knowledge are not considered at the summary judgment stage. **Cottrill v. MFA, Inc.**, 443 F.3d 629, 636 (8th Cir. 2006); **Tuttle v. Lorillard Tobacco Co.**, 377 F.3d 917, 923 (8th Cir. 2004); **Murphy**, 372 F.3d at 982. "A plaintiff's verified complaint is the equivalent of an affidavit for purposes of summary judgment." **Roberson v. Hayti Police Dep't**, 241 F.3d 992, 994 (8th Cir. 2001). Accord **Hanks v. Prachar**, 457 F.3d 774, 775 (8th Cir. 2006); **Ward v. Moore**, 414 F.3d 968, 970 (8th Cir. 2005).

An Eighth Amendment violation may be established by "[d]eliberate indifference to a prisoner's serious medical needs[.]" **Gordon ex rel. Gordon v. Frank**, 454 F.3d 858, 862 (8th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (alterations added). "To show deliberate indifference, [Plaintiff] must prove an objectively serious medical need and

that prison officers knew of the need but deliberately disregarded it." **Id.** (alteration added). "Intentional delay in providing medical treatment shows deliberate disregard if a reasonable person would know that the inmate requires medical attention or the actions of the officers are so dangerous that a knowledge of the risk may be presumed." **Id.**

In **Patterson v. Pearson**, 19 F.3d 439 (8th Cir. 1994) (per curiam), the Eighth Circuit reversed a grant of summary judgment to defendants who were allegedly deliberately indifferent to a prisoner who had requested dental care to relieve "extreme pain" and treat a swollen jaw. The care had been first requested on April 7. **Id.** at 440. This request was repeated several times until, on April 15, an infected tooth was extracted. **Id.** The court found that the delay in dental treatment could support an Eighth Amendment claim. In another § 1983 action, **Fields v. Gander**, 734 F.2d 1313 (8th Cir. 1984), the prisoner had two teeth extracted in February 1983 and began complaining of pain on May 1. **Id.** at 1314. The prisoner continued to complain of pain, but no followup care was provided until May 13. **Id.** Finding that the defendant had known the prisoner was in pain and had refused to provide followup care for three weeks, the court found that these facts supported an Eighth Amendment violation. **Id.** at 1315. See also **Hartsfield v. Colburn**, 371 F.3d 454, 457 (8th Cir. 2004) (holding that a question of material fact existed as to whether defendants were deliberately indifferent to a serious medical need in a case in which defendants/prison officials failed to arrange for dental treatment for six weeks after the prisoner complained, thereby causing him to suffer further pain and infection); **Kinney v. Kalfus**, 25 F.3d 633, 634 (8th Cir. 1994) (holding that failure to provide dental treatment despite repeated requests

from June 12 to July 1 created a genuine issue whether the defendant was deliberately indifferent to a serious medical need and the denial of a summary judgment in favor of prison officials).

Additionally, "the knowing failure to administer prescribed medicine can itself constitute deliberate indifference." **Phillips v. Jasper Co. Jail**, 437 F.3d 791, 796 (8th Cir. 2006).

Thus, as the Court previously found, an intentional failure by Defendant to administer Plaintiff prescribed pain medication, or her instructions to the SECC nursing staff not to give him the medication because he had attempted to escape custody, describes an Eighth Amendment violation.

Plaintiff has failed, however, to establish such a failure. Defendant has submitted her admissible affidavit that she never instructed anyone not to give Plaintiff medication. In response, Plaintiff submits (a) his verified complaint that he was told by the nursing staff that Defendant had instructed them not to give him the medication and (b) the signed statements of two SECC inmates that they heard members of the nursing staff tell Plaintiff that Defendant had instructed them not to give him medication. Plaintiff has not submitted any statements by the nursing staff. What he has submitted is inadmissible hearsay. His speculation that Defendant must have instructed her staff not to give him any pain medication because that is the only explanation for the lack of such medication is also unavailing. "'Evidence, not contentions, avoids summary judgment.'" **Larry v. Potter**, 424 F.3d 849, 852 (8th Cir. 2005) (quoting Al-Zubaidy v. TEK Indus., Inc., 406 F.3d 1030, 1036 (8th Cir. 2005)).

Because Plaintiff has failed to establish an essential element of his case, see **Erenberg**, 357 F.3d at 791, summary judgment will be entered in favor of Defendant.[4]

Accordingly,

**IT IS HEREBY ORDERED** that the second motion of Deborah Vinson for summary judgment is **GRANTED**. [Doc. 72]

**IT IS FURTHER ORDERED** that the motion of Anthony Cook to compel defendants to provide him legal material to respond to the motion for summary judgment and for an extension of time within which to respond is **DENIED** as moot.[5] [Doc. 73]

An appropriate Judgment shall accompany this Memorandum and Order.

                                       /s/ Thomas C. Mummert, III
                                       THOMAS C. MUMMERT, III
                                       UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of October, 2007.

---

[4] Because Defendant prevails on her first argument, the Court will not reach the merits of her second and third arguments.

[5] As noted above, Plaintiff did file a response to the second motion for summary judgment.